UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HANNELORE M. MARINELLA, Individually and :
as Administratrix for the Estate of John J. :
Marinella, :
      Plaintiff, :
:
v. : 3:07-cv-910 (CFD)
:
TOWN OF DARIEN and TOWN OF DARIEN :
PENSION BOARD, :
      Defendants. :

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Hannelore Marinella, brought this action, individually and as administratrix for the estate of her husband, John J. Marinella, against the Town of Darien and the Town of Darien Pension Board, alleging a violation of her and her husband's due process rights under the federal and Connecticut constitutions. The defendants move for summary judgment on all counts.[1] For the reasons that follow, the defendants' motion is granted in part and denied in part.

**I.    Background**[2]

This action arises from a dispute over survivor's benefits provided as part of the pension benefits of the now deceased John J. Marinella ("Mr. Marinella"). The defendants are the Town of Darien ("Darien") and the Town of Darien Pension Board ("DPB"). The plaintiff, Hannelore

---

[1] The plaintiff filed her initial complaint on June 11, 2007, and filed an amended complaint on September 22, 2007. After the defendants filed a motion to dismiss the amended complaint, the plaintiff withdrew a number of her claims. The only remaining claims are Counts 1–4, 7–10, 13–16 and 20–23 of the Amended Complaint. See Dkt. # 25.

[2] The following facts are taken from the parties' Local Rule 56(a) statements, summary judgment briefs, and other evidence submitted by the parties. They are undisputed unless otherwise indicated.

Marinella ("Mrs. Marinella"), was Mr. Marinella's wife and is the administratrix of his estate. She is suing individually and on behalf of Mr. Marinella's estate in her role as administratrix.

Mr. Marinella was employed by the Town of Darien from 1978 until his death on July 20, 1999. In 1978, when Mr. Marinella began working for Darien, he was provided with health and life insurance and participation in the Town's pension plan. At that time, Mr. Marinella told Mrs. Marinella that she was listed as the beneficiary for all of his employment benefits; however, Mrs. Marinella never saw any forms that Mr. Marinella completed to designate her as a beneficiary. Mrs. Marinella stated that in 1978 she saw a benefits booklet that Mr. Marinella brought home, but that she recalls no details from that booklet. Mr. and Mrs. Marinella had two children, Douglas and Lisa, who were both over the age of eighteen at the time of Mr. Marinella's death in 1999.

In 1991, Mr. and Mrs. Marinella ceased cohabiting. Although Mr. and Mrs. Marinella briefly reconciled in the mid-1990s, they ultimately remained separated, but never sought a divorce. It appears that Mr. Marinella also had a girlfriend, Janet Potter, until at least close to the time of his death.

In 1997, Mr. Marinella became ill with terminal brain cancer. During his illness, up until the time of his death, Mrs. Marinella often visited Mr. Marinella to help care for him. On May 6, 1999, Carolyn Rich, who was the then-Assistant Director of Personnel for the Town of Darien, wrote Mr. Marinella a note asking whether he wished to update his pension beneficiary form and enclosing a form for that purpose. On May 18, 1999, Mr. Marinella completed the form, entitled "THE FUNDED RETIREMENT PLAN OF THE TOWN OF DARIEN, CONNECTICUT CHANGE OF BENEFICIARY OR DEPENDENCY STATUS" ("the Form"). On that form, Mr.

Marinella revoked the appointment of all beneficiaries previously made, and designated his daughter, Lisa, and his son, Douglas, as his beneficiaries "to receive upon my death any lump sum benefit due from The Funded Retirement Plan of the Town of Darien, Connecticut."  The Form was signed by Mr. Marinella and witnessed by Janet Potter.  Carolyn Rich acknowledged receiving the Form on May 26, 1999.  The parties agree that the form Mr. Marinella executed was the only form Darien used to change beneficiary designations.  Mr. Marinella's son and daughter were also his named beneficiaries for his life insurance.  As mentioned, Mr. Marinella died on July 20, 1999.

Mrs. Marinella was appointed the administratrix of Mr. Marinella's estate.  Subsequently, Mrs. Marinella and her son repeatedly telephoned the Town of Darien to ask about any benefits due; however, the calls apparently went unanswered.  Eventually, an attorney representing Mr. Marinella's estate sent a letter to Darien inquiring as to whether there were any death benefits due to the estate.  At that time, Darien informed Mrs. Marinella that she would receive a lump sum payment equal to the amount Mr. Marinella had paid into the pension, plus interest.  Thereafter, Mrs. Marinella received $19,786.14.

Mrs. Marinella claims that in March 2006, Darien employee and former friend of Mr. Marinella, Albert Mazzarella, told her that Darien owed her an annual pension for the remainder of her life.  As the result of that conversation, Mrs. Marinella wrote a letter to the Town of Darien on September 21, 2006, stating that she had learned that she should have had an option to choose to receive forty percent of Mr. Marinella's salary until her death or remarriage.  In response to Mrs. Marinella's letter, Darien reviewed the documents related to Mr. Marinella's employment benefits and discovered that the lump sum payment to Mrs. Marinella had been

made in error. Darien informed Mrs. Marinella that because Mr. Marinella had changed his beneficiaries via the Form, his children should have been paid the lump sum.[3] The letter addressed only the lump-sum payment, and did not mention anything about a periodic pension payment for the remainder of her life. This letter was the first that Mrs. Marinella heard of Mr. Marinella's May 1999 revocation of her as his beneficiary.

Mrs. Marinella contends that she was denied the opportunity to elect to receive the survivor benefit that would have entitled her to forty percent of Mr. Marinella's salary until her death ("survivor benefit"). Specifically, she argues that pursuant to Article 6 of the Town's Benefit Plan and § 38-193 of the Code of Ordinances of the Town of Darien ("Darien Code"), she became automatically eligible to receive an annual benefit, payable in equal monthly installments, equal to forty percent of Mr. Marinella's average annual compensation as of his date of death.

Darien's pension plan, which was codified in the Darien Code, provided for an optional survivor benefit if an employee died after completing ten years of service, but before retirement. Section 38-193 of the Darien Code provides as follows:

> (a) In the event of the death of a member before retirement and after he has completed ten (10) or more years of service . . . with a surviving spouse, . . . such surviving spouse . . . shall be entitled to receive an annual benefit, payable in equal monthly installments, equal to forty (40) per cent of the member's average annual compensation as of his date of death.
> . . . .
> (e) Any benefits payable under this Article IV shall be in lieu of any [lump sum] benefits . . . . A member whose surviving spouse or surviving children would otherwise be entitled to a survivorship benefit under this section may, by written direction to the retirement plan committee on a form to be provided by the

---

[3] Mrs. Marinella's children are not seeking to receive any of the lump sum payment.

retirement plan committee, waive any and all benefits payable under this section. In such event, upon the death of such member, death benefit payments shall be made to the member's beneficiary or beneficiaries as though there were no surviving spouse or surviving children of the member.

Darien Code § 38-193 (emphasis added). Additionally, the Town of Darien Employee Retirement Plan § 6.06 states that the survivor benefit can be waived only "by filing a written election to do so with the Administrator."

The defendants claim that by executing the Form on May 18, 1999, Mr. Marinella waived the survivor benefit, as provided for in Darien Code § 38-193(e), by revoking all prior designations of beneficiaries. Mrs. Marinella argues that this Form does not constitute a waiver because it is not sufficiently clear to indicate that execution would waive the survivor benefit. Further, Mrs. Marinella argues that because the survivor benefit is automatic unless otherwise waived as specified in Darien Code § 38-193(e), she was automatically entitled to receive the benefit.

Mrs. Marinella, individually and as administratrix of Mr. Marinella's estate, claims that the defendants violated Mr. Marinella's and her own rights to due process under the Fourteenth Amendment to the United States Constitution and Article First § § 8 and 10 of the Connecticut Constitution by not informing them about the survivor benefit, and not allowing them to choose between the survivor benefit and receipt of a lump sum payment.

In this motion for summary judgment, the defendants argue (1) the Court does not have subject matter jurisdiction over DPB; (2) there is no private right of action for monetary damages for an alleged violation of due process under the Connecticut Constitution; (3) the claims asserted on behalf of Mr. Marinella's estate did not survive his death; (4) the claims are barred by

the statute of limitations; and (5) the plaintiff will not be able to establish a due process violation.

## II. Discussion

### A. Summary Judgment Standard

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)); accord Miner v. Glens Falls, 999 F.2d 655, 661 (2d Cir. 1993). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

When examining a motion for summary judgment the Court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. Patterson v. County of Oneida, NY, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004). However, a party may not create a genuine issue of material fact by resting on the "mere allegations or denials" contained in his pleadings. Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

### B. Claims Against the Darien Pension Board

The defendants argue that Counts 1–4 and 13–16 of the Amended Complaint against

DPB must be dismissed because DPB, as a subdivision of a municipality without a relevant specific enabling statute, is not a legal entity capable of being sued. "It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue." Isaac v. Mount Sinai Hosp., 490 A.2d 1024, 1026 (Conn. App. Ct. 1985) (quoting 59 Am. Jur. 2d, Parties, §§ 20, 21). The Connecticut Superior Court has dismissed claims against a town pension board because that board was not a separate legal entity from the town, and therefore was not a proper party to the action. See Luysterborghs v. Pension & Ret. Bd. of City of Milford, No. CV064006814S, 2008 WL 2746325, at *1 n.1 (Conn. Super. Ct. June 23, 2008); see also Nicholson v. Lenczewski, 356 F. Supp. 2d 157, 163–64 (D.Conn. 2005) (holding that although a municipality is subject to suit, because a municipal police department is not an independent legal entity, it is not subject to suit under section 1983).

Here, the plaintiff notes that Darien specifically established the DPB to "manage and administer" the pension plan. See Darien Code § 38-17. Furthermore, plaintiff argues that the Darien Code of Ordinances § 38-134, which states that "[a]ll benefits under the plan shall be paid or provided for solely from the fund and the town assumes no liabilities or responsibility therefor," shifts legal liability or responsibility from Darien to the DPB. As the plaintiff acknowledges, however, this statute is not an enabling statute. Specifically, this section does not mention shifting civil legal liability to the Darien Pension Board or giving the DPB the independence to sue and be sued. See, e.g., Conn. Gen. Stat. § 10-241. Instead, this section of the Code seems to bear only on whether the Town of Darien itself has the financial responsibility for paying benefits. Therefore, in the absence of a specific enabling statute or ordinance

establishing that the DPB has a separate and actual legal existence, the DPB is not a proper party to this lawsuit and all claims against it must be dismissed. Thus summary judgment is granted in favor of the Darien Pension Board on Counts 1–4 and 13–16, and it is dismissed as a party.

C.     Causes of Action under the State Constitution

The plaintiff, individually and as administratrix, asserts claims pursuant to Article First, §§ 8[4] and 10[5] of the Connecticut Constitution (Counts 9–10 and 22–23). The defendant argues that these claims must be dismissed because Connecticut courts have declined to recognize a private right of action for damages for violations of the due process clause of the Connecticut Constitution.[6]

This Court has recently noted that "it is not entirely clear whether Connecticut law recognizes a direct cause of action for money damages under the Connecticut Constitution," and that "lower courts in Connecticut have shown great restraint in creating new causes of action for money damages directly under the Connecticut Constitution." Doninger v. Niehoff, 594 F. Supp. 2d 211, 228–29 (D.Conn. 2009). Ultimately, in Doninger, Judge Kravitz "decline[d] to exercise supplemental jurisdiction over [the] Connecticut constitutional claims," and *sua sponte* dismissed the plaintiff's Connecticut Constitutional claims. Id. at 229 (citing 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim

---

[4] Section 8 reads, in relevant part, "[n]o person shall be . . . deprived of life, liberty or property without due process of law."

[5] Section 10 reads, "[a]ll courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

[6] The plaintiff has not addressed this argument; however, for the purposes of summary judgment, the Court still examines the facts in the light most favorable to the plaintiff.

under subsection (a) if . . . the claim raises a novel or complex issue of State law.")).

Other Connecticut federal and state court decisions have similarly held that no private cause of action for monetary damages is available for due process claims under the Connecticut State Constitution. See also Ward v. Housatonic Area Regional Transit Dist., 154 F. Supp. 2d 339, 356 (D.Conn. 2001) ("The court finds that there is no private cause of action for monetary damages under the equal protection and due process provisions (Art. First, § § 1, 8 and 20) of the Connecticut Constitution."); Binette v. Sabo, 710 A.2d 688, 691–92 (Conn. 1998) (finding that there was no constitutional damages action under Article First, Section 10 of the Connecticut Constitution); Kelley Prop. Dev., Inc. v. Lebanon, 627 A.2d 909, 918 (Conn. 1993) (no private cause of action based on violation of due process clause of state constitution, Article First § 8); McKiernan v. Amento, No. CV010453718S, 2003 WL 22333200 (Conn. Super. Ct. Oct. 2, 2003) ("Further, the Connecticut Supreme Court has expressly declined to recognize a private cause of action based on a violation of § 8, the due process clause of the Connecticut constitution."); Best v. D'Amario-Rossi, No. CV990334718S, 2003 WL 138521, at *6 (Conn. Super. Ct. Jan. 2, 2003).[7]

Additionally, the Court has found no decision upholding a state constitutional due process claim for monetary damages under similar factual circumstances. But cf. Doe v. City of Hartford, No. Civ.A.3:03CV1454(JCH), 2004 WL 1091745, at*3–*4 (D.Conn. May 13, 2004) (finding that the Court was not prepared, on a motion to dismiss, to find that there is no cause of

---

[7] Although some of these decisions mention the existence of an alternate state remedy as one of the reasons to deny a cause of action under the state constitution, see, e.g., Kelley, 627 A.2d at 340, an adequate statutory or administrative remedy seems to be only one factor in the analysis of whether an independent state constitutional remedy exists.

action for monetary damages under Section 8 of the Connecticut Constitution for a due process violation stemming from an alleged sexual assault). Therefore, the Court follows Doninger and Ward and declines to exercise supplemental jurisdiction over the state constitutional claims. Thus, the state constitutional claims (Counts 9–10 and 22–23) are dismissed without prejudice.

D.     Federal Due Process Claim on Behalf of Mr. Marinella's Estate

i.     *Whether Claims Made on Behalf of Mr. Marinella's Estate Survive His Death*

Counts 7 and 8 of the Amended Complaint assert claims against the Town of Darien on behalf of Mr. Marinella's estate in Plaintiff's capacity as administratrix. Specifically, the plaintiff claims that Darien violated Mr. Marinella's right to due process under the United States Constitution. The defendant argues that it is entitled to summary judgment on these counts because such claims did not survive the death of Mr. Marinella.

"Upon death . . . the decedent is no longer a 'person' under the Constitution or 42 U.S.C. § 1983. The decedent's claim can nevertheless survive him if state law creates a right of survival." Estate of Smith v. Town of West Hartford, 186 F. Supp. 2d 146, 148 n.1 (D.Conn. 2002) (internal citations omitted); see also Barrett v. United States, 689 F.2d 324, 331 (2d Cir. 1982). In such a case, "the appropriate party to assert any claim arising from the alleged deprivation of the decedent's constitutional rights is the administrator or executor of his estate." Estate of Smith, 186 F. Supp. 2d at 148 n.1.

The plaintiff asserts that Conn. Gen. Stat. § 52-599 creates a right of survival, as follows: "A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person." Conn. Gen. Stat. § 52-599(a). Defendants, however, argue that § 52-599 is inapplicable when the deceased

person dies before the suit is commenced. See Diaz v. PARCC Health Care, Inc., No. CV054006901, 2006 WL 337351, *3 (Conn. Super. Ct. Jan. 30, 2006); Noble v. Corkin, 717 A.2d 301, 303 (Conn. Super. Ct. 1998). Although Diaz and Noble state that § 52-599 is applicable "when a party dies after commencement of the action," these cases are distinguishable from the facts here. In both Diaz and Noble, only the *deceased person*, not the administrator of the estate, was a named party to the lawsuit. Moreover in Noble, the deceased defendant was not alive when the facts underlying the cause of action arose. See Noble, 717 A.2d at 302.

Here, Mr. Marinella was never a named party and the suit was originally brought by his estate. Additionally, judicial decisions and related statutes support that the individual need not be alive at the time the action is commenced under the Connecticut statute. See Conn. Gen. Stat. § 52-594 ("If the time limited for the commencement of any personal action, which by law survives to the representatives of a deceased person, has not elapsed at the time of the person's death, one year from the date of death shall be allowed to his executor or administrator to institute an action therefor."); see also Estate of Smith 186 F. Supp. 2d at 148 n.1 ("[T]he appropriate party to assert any claim arising from the alleged deprivation of the decedent's constitutional rights is the administrator or executor of his estate."). Therefore, it appears that § 52-599(a) creates a right of survival in this case.

The defendant also argues that any claims made on Mr. Marinella's behalf are "moot"[8] because any damages recovered in this suit would not enrich his estate, but rather only enrich

---

[8] The plaintiff interprets the defendant to be claiming that the action is "rendered useless" by Mr. Marinella's death. See Conn. Gen. Stat. § 52-599(c). The Court notes that whether the argument is addressed under § 52-599(c), "mootness," or simple "lack of injury," the Court would reach the same result.

Mrs. Marinella. Specifically, the defendant contends that because Mr. Marinella would never have received the survivor benefit during his lifetime, his estate can have no claim to them after his death. The plaintiff, however, asserts that the estate is not seeking the specific remedy of survivor benefit payments, but rather "general economic and compensatory damages for violations of *decedent's* rights (and hence the *estate's* rights)" under § 1983, "which occurred at the time he executed the Form, that is, while he was alive." (Pl.'s Mem. at 9.) Therefore, the plaintiff, in her capacity as administratrix on behalf of the estate, appears to be claiming independent damages for the alleged due process violation.

At this juncture, viewing the facts in the light most favorable to the plaintiff, the Court cannot hold as a matter of law that Mr. Marinella's estate would not be entitled to receive monetary damages based on an alleged deprivation of his due process rights pursuant to 42 U.S.C. § 1983. Therefore, because any such monetary damages would enhance the value of Mr. Marinella's estate, this claim is not rendered "useless" or "moot" and thus survives. See Comm'n on Human Rights & Opportunities v. Greenwich Catholic Elementary Sch. Sys., Inc., 522 A.2d 785, 788 (Conn. 1987) ("The claim of the deceased complainant before the CHRO for monetary losses resulting from the termination of her employment is not 'defeated or rendered useless' by her death, because a recovery upon such a claim would enhance the value of her estate."). Therefore, summary judgment on this ground is denied.

ii.   *Statute of Limitations*

The defendant contends that even if the plaintiff's claims survive Mr. Marinella's death, the estate's claims are barred by the applicable statute of limitations. The parties agree that the applicable statute of limitations for a claim under 42 U.S.C. § 1983 is three years. Lounsbury v.

Jeffries, 25 F.3d 131, 133–34 (2d Cir. 1994) (holding that a state's personal injury statute of limitations, here three years under Conn. Gen. Stat. § 52-577, should be applied to all § 1983 claims). In the instance of a claim on behalf of a deceased individual by an administratrix, if the statute of limitations for the individual to bring the claim has not elapsed by the time of the individual's death, the administratrix has one year from the date of death to institute an action based on that claim. Conn. Gen. Stat. § 52-594.

Both parties also agree that federal law governs accrual of the claim. Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (Ginsburg, J., concurring). "Under federal law, an action normally accrues at the time of injury." Corcoran v. N.Y. Power Auth., 202 F.3d 530, 544 (2d Cir. 1999). Here, both parties also agree that Mr. Marinella's alleged injury initiated on May 18, 1999—the date he completed the Form. Plaintiff, however, urges the Court to find that the statute of limitations was tolled in the intervening years by the diligence of discovery rule.

> [W]here plaintiff would reasonably have had difficulty discerning the fact or cause of injury at the time it was inflicted, the so-called "diligence-discovery rule of accrual" applies. Under this rule, accrual may be postponed until the plaintiff has or with reasonable diligence should have discovered the critical facts of both his injury and its cause. Discovery of the "critical facts" of injury and causation requires only knowledge of, or knowledge that could lead to, the basic facts of the injury, i.e., knowledge of the injury's existence and knowledge of its cause or of the person or entity that inflicted it. . . . [A] plaintiff need not know each and every relevant fact of his injury or even that the injury implicates a cognizable legal claim. Rather, a claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice.

Id. (internal quotation and citations omitted). "[A] plaintiff's ignorance of injury does not toll a statute of limitations if, with the exercise of reasonable diligence, the plaintiff could have learned of the wrong prior to the date of actual discovery." Walker v. Jastremski, 159 F.3d 117, 119 (2d

Cir. 1998). "[T]he question of whether a plaintiff exercised reasonable diligence is frequently a question of fact to be decided by a jury[; however,] the issue may be decided on summary judgment if the facts in the record are clear and sufficient." 131 Main St. Assoc. v. Manko, 179 F. Supp. 2d 339, 349 (S.D.N.Y. 2002).

Here, there is a genuine issue of material fact about whether the statute of limitations should be tolled. Although Darien argues that Mr. Marinella had constructive notice that the Form he executed would serve to waive the survivor benefit, the Town Code of Ordinances and the Employee Retirement Plan do not demonstrate constructive notice as a matter of law. Specifically, § 38-193(e) only refers to "a form" that would waive the survivor benefits. Similarly, the employee retirement plan refers to waiver by a "written election" filed with the Administrator. The form here does not use the words "survivor benefits," "waive" or "waiver." Thus, at this stage, due to the lack of clarity in the Form, there is a genuine issue of material fact about what purpose Mr. Marinella thought this Form had and whether he knew, or could have discovered, that this Form would waive the survivor benefit.

Additionally, there is also a genuine issue of material fact about whether Mrs. Marinella, in her capacity as administratrix, knew or with reasonable diligence could have discovered that there were survivor benefits that were allegedly waived. Although the estate was represented by a lawyer, the lawyer was informed by Darien that the only available pension benefit was a lump sum payment to Mrs. Marinella individually. There is no evidence that Darien made any mention of survivor benefits or a benefits waiver until 2006. This apparently incorrect representation and omission by the Town of Darien at least creates an issue of fact as to what Mrs. Marinella as administratrix knew or should have known or discovered. Therefore, because genuine issues of

material fact exist as to whether the statute of limitations should be tolled, summary judgment cannot be granted on the grounds that the statute of limitations on the claims of Mr. Marinella's estate has expired.

iii.     *Federal Due Process Claim*

The defendant argues that even if the plaintiff's claims survived Mr. Marinella's death and are not barred by the statute of limitations, the evidence viewed in the light most favorable to the plaintiff demonstrates that there are no due process violations as a matter of law. In examining a procedural due process claim, the Court considers "two distinct issues: 1) whether plaintiffs possess a liberty or property interest protected by the Due Process Clause; and, if so, 2) whether existing state procedures are constitutionally adequate." Kapps v. Wing, 404 F.3d 105, 112 (2d Cir. 2005). To determine whether the process was sufficient, the Court applies the three-factor test of Mathews v. Eldridge, 424 U.S. 319 (1976). Kapps, 404 F.3d at 118. These factors are "1) the private interest affected; 2) the risk of erroneous deprivation, and the probable value, if any, of additional or substitute procedural safeguards; and 3) the government's interest, which may include the fiscal and administrative burdens that additional procedures would impose." Id. (internal quotations omitted).

The parties do not dispute that pension benefits are a property interest for the purpose of the due process analysis. See also McDarby v. Dinkins, 907 F.2d 1334, 1336 (2d Cir. 1990). Additionally, it does not appear to be disputed that Mr. Marinella himself could not have recovered the survivor benefit, but rather that the alleged deprivation at issue here is Mr. Marinella's right to waive the survivor benefit.

Darien argues that because the Darien Code of Ordinances is publicly available and

because Mr. Marinella received a summary of his pension benefits in 1978, he was on notice as to the provisions of the plan and knowingly waived his right to the survivor benefit by executing the Form. Conversely, the plaintiff contends that the Form is inadequate to serve as an effective waiver.

Applying the Mathews factors, a genuine issue of material fact exists as to whether the Form was sufficient to put Mr. Marinella on notice that in executing the Form he was waiving the survivor benefit. Under the first Mathews factor, the private interest affected is the survivor benefit and the ability of Mr. Marinella to knowingly waive that benefit, an interest which is not insignificant. Under the second Mathews factor, given the lack of clarity on the Form, there is a high risk of erroneous deprivation. The Form is entitled "Change of Beneficiary or Dependency Status;" nowhere on the form is the phrase "survivor benefit" used. Furthermore, the Form never uses the words "waive" or "waiver" and only addresses the payment of "lump sum death benefit[s]." Therefore, as discussed above, there is a genuine issue of material fact about whether this Form could be considered a "written election" waiving the survivor benefits.

Finally, under the third Mathews factor, Darien's interest is minimal where there would be little fiscal and administrative burden in designing a more clear Form or procedure for waiver of the survivor benefit. Although the parties agree that this is the only Form utilized, that does not necessarily mean that the Form could not easily be made more clear and explicit that revocation of a prior designation of a spouse would constitute a waiver of the survivor benefit. Therefore, a genuine issue of material fact exists about whether the Town procedures were constitutionally adequate to protect Mr. Marinella's rights, and summary judgment on the due process claim on behalf of Mr. Marinella's estate is denied.

E. Federal Due Process Claim by Mrs. Marinella Individually

*i. Statute of Limitations*

As discussed above, the parties agree that the three year statute of limitations governs Mrs. Marinella's individual claims, Lounsbury v. Jeffries, 25 F.3d 131, 133–34 (2d Cir. 1994); see also Conn. Gen. Stat. § 52-577, and that federal law governs the question of tolling, Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (Ginsburg, J., concurring).

As to her individual claims (Counts 20 and 21), Mrs. Marinella argues that she commenced this action within three years of when, on November 3, 2006, she discovered Mr. Marinella had executed the Form. Conversely, Darien argues that Mrs. Marinella could have discovered her alleged entitlement to the survivor benefit by consulting the Town Code of Ordinances.

There is a genuine issue of material fact over whether Mrs. Marinella's individual claims should be tolled. Mrs. Marinella claims that she exercised reasonable diligence following her husband's death, as she and her son placed numerous calls to the Town of Darien regarding pension benefits, and eventually had the Estate's legal representative write a letter to the Town inquiring as to whether Mr. Marinella's estate was due any pension or death benefits. Darien, which alone knew about the Form, responded that Mrs. Marinella individually was entitled to the lump sum payment (a statement it later retracted), and did not explain anything about the Form, the survivor benefit, or Mr. Marinella's alleged waiver of the survivor benefit. Although the survivor benefit is mentioned in the Town Code, this fact is not dispositive for the purposes of summary judgment, particularly in light of Darien's lump-sum payment to Mrs. Marinella.

Therefore, summary judgment cannot be granted on statute of limitations grounds.

ii. *Federal Due Process Claim*

The defendant argues that Mrs. Marinella cannot demonstrate a violation of her individual due process rights because she has no property interest in the survivor benefit. To assert a procedural due process claim, a plaintiff must possess a protected liberty or property interest. See Kapps v. Wing, 404 F.3d 105, at 112 (2d Cir. 2005). "While not all benefits programs create constitutional property interests, procedural due process protections ordinarily attach where state or federal law confers an entitlement to benefits." Id. at 113; see also Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Roth, 408 U.S. at 577. "In determining whether a given benefits regime creates a property interest protected by the Due Process Clause, we look to the statutes and regulations governing the distribution of benefits." Kapps, 404 F.3d at 113.

Although it appears that a spouse's interest in the survivor benefit is only a mere expectancy when the pension-holding spouse is still alive, see, e.g., Castle v. Jockey Hollow Coal Co., 147 F. App'x 493, 497 (6th Cir. 2005); Albuquerque v. State Emps. Ret. Comm'n, No. CV084018880S, 2009 WL 3086559, at *3 (Conn. Super. Ct. Aug. 27, 2009), the situation facing the Court on summary judgment in this case is somewhat different. Drawing all reasonable inferences in the plaintiff's favor, the Court assumes that Mr. Marinella did not effectively waive the survivor benefit. Therefore, the question is whether, upon Mr. Marinella's death, Mrs. Marinella's interest became a vested property interest for the purposes of due process.

Assuming that Mr. Marinella did not effectively waive the survivor benefit, the Court

finds that Mrs. Marinella did have a protected property interest in the survivor benefit at the time of Mr. Marinella's death. "Discretion-limiting substantive predicates" are the "hallmarks of protected property rights." Kapps, 404 F.3d at 113; see also Basciano v. Herkimer, 605 F.2d 605, 609 (2d Cir. 1978). Here, as long as Mr. Marinella fulfilled the "substantive predicates" delineated in Darien Code § 38-193(a),[9] Mrs. Marinella should automatically receive the survivor benefit (absent waiver by Mr. Marinella).

Darien cites Funches v. United States, No. 91 C 5719, 1992 WL 80507, *4 (N.D.Ill. Apr. 9, 1992), in support of its argument that Mrs. Marinella's interest was a "mere expectancy." In Funches, however, the plaintiff had married two women, and the Court denied the survivor benefit to the second wife, finding she had no entitlement to the benefit. See id. at *3–*4. Instead, the District Court for the Northern District of Illinois found that the decedent's *actual wife* had a *right* and *legal entitlement* to the survivor's benefit. See id. at *3; see also Gorski v. Conn. State Emps. Ret. Comm'n, No. CV92-0454129, 1993 WL 300930 (Conn. Super. Ct. July 29, 1993) (noting that wife had standing to appeal denial of spousal benefits by Connecticut State Employees Retirement Commission because she had a specific personal and legal interest at stake, but not addressing due process or whether this interest was a "property interest"); cf. Campo v. New York City Emps. Ret. Sys., 653 F. Supp. 895, 898 (S.D.N.Y. 1987) (questioning, but not deciding, whether a wife had a property interest in her husband's survivor benefit plan). Therefore, it appears that, absent an effective waiver, upon Mr. Marinella's death, Mrs. Marinella

---

[9] These "predicates" are death of the pension-holder prior to retirement, 10 years or more of service by the pension-holder, and the existence of a surviving spouse. See Darien Code § 38-193(a). Viewing all of the facts in the light most favorable to the plaintiff, this criteria appears to be satisfied.

would have a protected property interest in the survivor benefit.

Darien does not address the issue of whether the process was constitutionally adequate. Therefore, a genuine issue of material fact exists over whether the process Mrs. Marinella received was constitutionally adequate. Thus, the defendant's motion for summary judgment on Mrs. Marinella's individual due process claim is denied.

### III. Conclusion

Accordingly, the defendants' motion for summary judgment [Dkt # 38] is GRANTED IN PART AND DENIED IN PART as noted above.

SO ORDERED this   9th   day of August 2010, at Hartford, Connecticut.


 /s/Christopher F. Droney  
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**